**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MELISSA D.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-300

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[2]**

Plaintiff Melissa D. filed this Social Security appeal in order to challenge the Commissioner's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff has filed a Statement of Errors, which Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s decision is AFFIRMED because it is supported by substantial evidence.

**I. Summary of Administrative Record**

On March 27, 2023, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning May 26, 2019. Plaintiff's claim was denied initially and on reconsideration. On June 26, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before ALJ Kevin Barnes. A vocational expert also testified. On August 5, 2024, the ALJ issued an adverse written

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

[2]The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

decision, concluding that Plaintiff was not disabled. Plaintiff subsequently filed this judicial appeal, challenging the ALJ's decision.

Plaintiff was born in 1971 and was 47 years old on the alleged disability onset date. (Tr. 23). She has at least a limited education, no past relevant work, and did not engage in substantial gainful activity since the alleged onset date. (Tr. 12, 23).

Based on the record and testimony presented at the hearing, the ALJ found: "The claimant has the following severe impairments: degenerative disc disease (DDD); fibromyalgia; arthritis; myofascial pain; asthma and anxiety." (Tr. 12). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 13). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform a reduced range of light work:

> except lift up to twenty pounds occasionally; lift or carry up to ten pounds frequently; stand or walk for approximately six hours per eight-hour work day; sit for approximately two hours per eight-hour work day, with normal breaks; never climb ladder, ropes, or scaffolds; never crawl; occasionally climb ramps and stairs; occasionally balance, stoop, crouch and kneel; avoid concentrated exposure to environmental irritants (e.g., fumes, odors, dust and gas), poorly ventilated areas, and industrial chemicals; avoid hazardous machinery and unprotected heights; work is limited to jobs where the individual only has to maintain attention for two hours at a time and persist at simple and detailed tasks with no fast pace or high production quotas over eight- and forty-hour periods with normal supervision; the worker is precluded from performing more complex tasks over time; only intermittent contact with the public on a superficial basis; and only occasional, superficial interaction with co-workers with no tandem tasks; and only brief, superficial contact with supervisors.

(Tr. 16-17). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the

national economy, including the representative occupations of hotel housekeeper, merchandise marker, and routing clerk. (Tr. 23-24). The ALJ concluded that Plaintiff was not disabled from May 26, 2019 (the alleged onset date) through the date of the decision. (Tr. 24).

In this case, Plaintiff challenges the ALJ's RFC determination. Specifically, Plaintiff claims the ALJ erred by failing to include restrictions regarding off-task allowances, absences, or inability to sustain a full workday. (*See* Doc. 8).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a disability. Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also

exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. § 404.1520.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's RFC Finding is Supported by Substantial Evidence.**

In her sole alleged error, Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff claims the ALJ erred by failing to account for limitations arising from her severe physical impairments, including alleged off-task time, workplace absences, and an inability to sustain full-time work on a regular and continuing basis. (Doc. 8 at PageID 1754).

A claimant's RFC is an assessment of "the most a [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)-(5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence before her and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC

assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base her determination on a physician's opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

The undersigned finds no error in the ALJ's decision in this case, as the RFC is supported by substantial evidence. Plaintiff claims that the ALJ failed to account for the effect her physical impairments had on her ability to sustain full-time work and be on task in the workplace. (Doc. 8 at PageID 1753-54). However, in formulating the RFC, the ALJ considered both Plaintiff's subjective allegations as well as the persuasiveness of the prior administrative medical findings. The ALJ acknowledged Plaintiff's allegations of chronic pain, fatigue, limited tolerance for standing and walking, hand symptoms, and interference with consistent work activity. (Tr. 15-16, 17-20). The ALJ then compared those allegations with the medical evidence, examination findings, treatment history, and the prior administrative medical findings. Based on this review, the ALJ concluded that the record supported the enumerated light-work, postural, environmental, and mental limitations, but not additional limitations for off-task behavior, absenteeism, or an inability to complete a normal workday.

The ALJ did not ignore or reject Plaintiff's symptoms. Rather, he included restrictions reflecting the limitations he found supported by the record and limited Plaintiff to a reduced range of light work. As noted above, with respect to Plaintiff's physical impairments, the RFC prohibited Plaintiff from climbing ladders, ropes scaffolds, and crawling; limited her to occasional climbing of ramps and stairs, balancing, stooping, crouching, and kneeling; required avoidance of workplace hazards; imposed environmental restrictions based on asthma; and set forth sitting and standing restrictions. (Tr. 16-17).

Although Plaintiff contends that the ALJ erred by failing to include additional restrictions, she identifies no persuasive medical opinion or other evidence establishing a specific need for off-task time, unscheduled breaks, excessive absences, or an inability to work an eight-hour day on a regular and continuing basis. Rather, Plaintiff relies on her own testimony and a general citation to treatment records. The ALJ reasonably concluded that this evidence did not establish the additional RFC restrictions.

The ALJ reviewed and found persuasive the prior administrative medical findings of state-agency physicians Mehr Siddiqui, M.D., and Maureen Gallagher, D.O., regarding Plaintiff's physical functioning based on the evidence of record. (Tr. 20-21). The physicians determined that Plaintiff could perform a range of light work, with exertional, postural, and hazard-related limitations. (*Id.*). The ALJ additionally found persuasive the prior administrative medical findings of state-agency psychologist Sallie Boulous-Sophy, Ph.D., and Irma Johnston, Psy.D., who found that Plaintiff could maintain attention for two-hour intervals, persist at simple and detailed tasks with no fast pace or high production quotas, tolerate certain changes in routine, and perform work with reduced

social demands. (*Id*). Finally, the ALJ found the opinion of Joan E. Simpson, Psy.D., persuasive. (Tr. 22-23). Dr. Simpson observed that Plaintiff displayed adequate energy and effort during the evaluation, although she had some difficulty with concentration and focus and could experience work-related social and mood limitations. (Tr. 15, 22-23). None of the opinions identified the need for an allowance for off-task time, excessive absences, or an inability to sustain a regular workday.

Although Plaintiff here argues the record supported additional limitations and may disagree with the ALJ's decision, she has not shown that it was outside the ALJ's permissible “zone of choice” that grants ALJs discretion to make findings without “interference by the courts.” *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Furthermore, to the extent that Plaintiff asks this Court to reweigh the evidence, it is the sole responsibility of the ALJ to evaluate the evidence in the record and determine the RFC. *See* 20 C.F.R. § 404.1546(c); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). *See* also *Whetsel v. Comm’r of Soc. Sec*., No. 2:15-cv-3015, 2017 WL 443499, at *8 (S.D. Ohio Feb. 2, 2017) (“it is not this Court’s job to reweigh the evidence, but only to determine if the ALJ has evaluated it in a reasonable fashion.”); *Dyson v. Comm’r of Soc. Sec.*, 786 F. App’x. 586, 588 (6th Cir. 2019) (“[t]his [C]ourt does not weigh evidence, assess credibility, or resolve conflicts in testimony—that’s the ALJ’s job.”).

Finally, Plaintiff argues that the ALJ failed to fully consider the vocational expert’s testimony that an individual who could not sustain an eight-hour workday, was off task 20 percent of the workday, or was absent at least two days per month would be precluded from competitive full-time employment. (Doc. 8 at PageID 1754-55). This claim is largely

derivative of Plaintiff's argument above, because the ALJ reasonably determined that Plaintiff did not have such limitations.

A vocational expert's testimony constitutes substantial evidence when it is given in response to a hypothetical question that accurately reflects the claimant's limitations as supported by the record. *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). *See also Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)). In this case, the ALJ asked the vocational expert to consider an individual with the limitations ultimately included in the RFC. (Tr. 16-17, 23-24; 86-87). In response, the vocational expert identified the representative occupations available to Plaintiff. (Tr. 88). The vocational expert's responses to more restrictive, subsequent hypotheticals—including excessive absences, off-task work, and inability to sustain a full workday—do not undermine the Step-Five finding because, as explained above, substantial evidence supports the ALJ's determination that Plaintiff did not possess those limitations. (*See* Tr. 89).

Upon review of the entire record, the Court finds no error in the ALJ's RFC determination. As detailed above, the ALJ properly considered Plaintiff's subjective allegations and the prior administrative medical findings and the decision is supported by substantial evidence.

**III. Conclusion and Order**

Accordingly, **IT IS ORDERED THAT** the Commissioner's decision is **AFFIRMED,** and that this case is **CLOSED.**

*s/Stephanie K. Bowman* ___________
Stephanie K. Bowman
Chief United States Magistrate Judge